On Rehearing
HOOD, Judge.
We granted a rehearing in this case so that we could reconsider that part of our judgment which affirmed the award of damages made by the trial court.
When the case was before us originally we considered the depositions of Dr. James S. Dugal and Dr. Daniel H. Buller. These depositions were offered by plaintiff and were admitted in evidence over the objection of defendants. On this appeal defendants argue that the trial court erred in admitting these depositions in evidence, and that we erred in considering them.
LSA-C.C.P. art. 1428 sets out the circumstances under which depositions may be admitted in evidence. The record does not show that any of these circumstances existed in this suit. The trial court erred, therefore, in admitting the depositions in evidence, and we think we erred in considering them when the case was before us originally.
Although the testimony of these two doctors is not being considered, it is appropriate to observe that we have read their depositions and have concluded that the judgment being rendered here would be the same, whether the statements of these two doctors should or should not be considered.
As a result of the accident, plaintiff sustained a fracture of the right elbow, with some residual calcification in the area of the fracture, and some accompanying pressure on the right ulna nerve. This injury has left him with a disability of 18 per cent of the right arm, or a nine per cent disability of the body as a whole. He is right handed, and since the accident he has been unable to extend his right arm fully. The fingers in his right hand are numb, and he experiences weakness and pain in his right arm when he attempts to do- any lifting or pushing with it or to bear any weight on it. He is still being treated for the injury to his arm, and the evidence shows that his resulting disability is permanent.
Plaintiff also sustained bruises and a straining injury to his left hip,-which aggravated a pre-existing injury to that hip. He had no disability of the hip immediately prior to the accident which precipitated this suit, but the evidence shows that since that accident occurred he has had a ten per cent disability of the hip, resulting from the accident, and that this disability is permanent.
The treatment administered to Stephens for his hip injury caused a large abscess to develop on his left leg. He suffered substantial pain from this abscess, and the treatment of it included hospitalization for 23 days and extensive medication. Since this abscess was caused by the treatment administered for the injuries sustained in the accident, he is entitled to re *912 cover the damages which were occasioned by that abscess.
Plaintiff is a farmer, and he was able to do all of his farm work prior to the accident. The residual pain and disability which he now has in his right arm and left hip make it necessary for him to use a cane while walking. Although the evidence indicates that he can still drive a truck and perform some of his farming duties, we find that he has been and will continue to be handicapped in the performance of those duties. He has been hospitalized for a total of at least 29 days for the treatment of his injuries, and the doctors describe the pain he suffered as being moderate to severe.
Considering the nature of the injuries and the permanent disability which plaintiff has suffered and the pain and suffering which he has undergone as a result of the accident, we feel that he is entitled to an award of general damages in the amount of $12,000.00.
Stephens has failed to show that he sustained a loss of earnings as a result of the accident. His demands for an award based on past or future loss of earnings thus will be denied.
The evidence shows that plaintiff suffered, and is entitled to recover, special damages in the aggregate sum of $3,974.64. This includes a hospital bill of $1,608.55, drug bills, the fees of the treating physicians, the cost of physical therapy, and the sum of $100.00 as the deductible portion of the damages to his automobile.
For the reasons assigned, our original judgment is recalled and set aside. Judgment is hereby rendered amending the judgment of the trial court by increasing the award of damages made to plaintiff, Willie Stephens, from $8,000.00 to the sum of $15,974.64. In all other respects the judgment appealed from is affirmed. The costs of this appeal are assessed to defendants-appellants.
Amended and affirmed.